UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:26-cv-00594

JONPAUL MARCEL NADEAU,

          Plaintiff,

v.

KORANGY PUBLISHING HOLDINGS, INC.,

          Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff JONPAUL MARCEL NADEAU by and through his undersigned counsel, brings this Complaint against Defendant KORANGY PUBLISHING HOLDINGS, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff JONPAUL MARCEL NADEAU ("Nadeau") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Nadeau's original copyrighted Works of authorship.

2. Nadeau is the owner and principal photographer of Aremac Photography, located in South Florida. Nadeau specializes in high quality interior and exterior photography, aerial footage, short HD films, and floor plans. He provides a detailed and customized finished product to every client. Nadeau has over 7 years experience working in the industry, and working alongside his mentor, he now expands his horizons to 3D tours and film.

3. Defendant KORANGY PUBLISHING HOLDINGS, INC. ("Korangy") is a major U.S. real estate news website and media outlet focusing on industry news, market trends, deal

reporting, analysis, and data for both commercial and residential property sectors. At all times relevant herein, Korangy owned and operated the internet website located at the URL https://therealdeal.com/ (the "Website").

4. Nadeau alleges that Korangy copied Nadeau's copyrighted Works from the internet in order to advertise, market and promote its business activities. Korangy committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Korangy is subject to personal jurisdiction in New York.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Korangy engaged in infringement in this district, Korangy resides in this district, and Korangy is subject to personal jurisdiction in this district.

## DEFENDANT

9. Korangy Publishing Holdings, Inc. is a New York Corporation, with its principal place of business at 450 West 31st Street, 4th Floor, New York, NY, 10001, and can be served by serving the corporation at the same address.

## THE COPYRIGHTED WORKS AT ISSUE

10. The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, which are referred to herein as the "Works." True and correct copies of the Registration Certificates and the Works they apply to are attached hereto as **Composite Exhibit 1**.

| Reg. No. | Title of Work | Reg. Date | Exhibit |
|---|---|---|---|
| VA 2-295-013 | 22 isla bahia -3320 58th st - aqua allison island case - 11240417581 | 3.11.2022 | 1A |
| VA 2-296-168 | 1717 middle river - sea ranch lakes - case 1-11254558531 | 3.17.22 | 1B |
| VA 2-306-787 | 59s w 12th ave - 801 ne 2nd street - 888 se 3rd ave - 1307 se 2nd ct - 21 compass isle - CASE 1-11443519021 | 6.14.22 | 1C |

**"22 isla bahia -3320 58th st - aqua allison island case - 11240417581"**



**"1717 middle river - sea ranch lakes - case 1-11254558531"**



3

**"59s w 12th ave - 801 ne 2nd street - 888 se 3rd ave - 1307 se 2nd ct - 21 compass isle - CASE 1-11443519021"**



11. Nadeau registered the Works with the Register of Copyrights as part of three group registration.

12. At all relevant times Nadeau was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY KORANGY

13. Korangy has never been licensed to use the Works for any purpose.

14. On a date after the Works at issue in this action were created, but prior to the filing of this action, Korangy copied the Works.

15. On or about March 21, 2025, Nadeau discovered the unauthorized use of his Works on the Website at the following URLs: https://therealdeal.com/miami/2023/07/18/heres-where-lionel-messi-may-be-living-in-south-florida/,

https://therealdeal.com/miami/2022/04/18/lease-roundup-bh3s-fabrick-project-in-fort-

lauderdales-progresso-village-fully-leased/, and https://therealdeal.com/miami/2020/12/07/10m-fort-lauderdale-mansion-sale-boosts-luxury-market/ (the "Infringing Links").

16. Korangy copied Nadeau's copyrighted Works without Nadeau's permission or authority.

17. After Korangy copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its real estate news and media business.

18. Korangy copied and distributed Nadeau's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

19. Korangy committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

20. Nadeau never gave Korangy permission or authority to copy, distribute or display the Works for any purpose.

21. Nadeau notified Korangy of the allegations set forth herein on July 09, 2025, and July 30, 2025. To date, the parties have failed to resolve this matter.

22. As of January 22, 2026, the infringement is still ongoing.

## COPYRIGHT INFRINGEMENT

23. Nadeau incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Nadeau owns valid copyrights in the Works.

25. Nadeau registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Korangy copied, displayed, and distributed the Works and made derivatives of the Works without Nadeau's authorization in violation of 17 U.S.C. § 501.

27. Korangy performed the acts alleged in the course and scope of its business activities.

28. Defendant's acts were willful.

29. Nadeau has been damaged.

30. The harm caused to Nadeau has been irreparable.

WHEREFORE, the Plaintiff JONPAUL MARCEL NADEAU prays for judgment against the Defendant KORANGY PUBLISHING HOLDINGS, INC. that:

a. Korangy and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Korangy be required to pay Nadeau his actual damages and Defendant's profits attributable to the infringement, or, at Nadeau's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Nadeau be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Nadeau be awarded pre- and post-judgment interest; and

e. Nadeau be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Nadeau hereby demands a trial by jury of all issues so triable.

Dated: January 22, 2026                    Respectfully submitted,

                                            */s/ Rachel I. Kaminetzky*

>RACHEL I. KAMINETZKY
>New York Bar Number: 6030647
>Rachel.kaminetzky@sriplaw.com
>
>**SRIPLAW, P.A.**
>41 Madison Avenue
>25th Floor
>New York, NY 10010
>646.517.3609 – Telephone
>561.404.4353 – Facsimile
>
>and
>
>JOEL B. ROTHMAN
>New York Bar Number: 2459576
>joel.rothman@sriplaw.com
>
>**SRIPLAW, P.A.**
>21301 Powerline Road
>Suite 100
>Boca Raton, FL 33433
>561.404.4350 – Telephone
>561.404.4353 – Facsimile
>
>*Counsel for Plaintiff JonPaul Marcel Nadeau*